OPINION. Murdock, Judge: The Commissioner calls attention to the fact that the petitioner performed, not only legal services but also managerial services, in connection with his wife’s property over the period from 1928 to 1943. He concedes that the legal services were completed in 1943 but argues that the managerial services were to continue. The record shows, however, that the managerial services of the kind performed up to 1943 were also terminated at that time and that no important services of any kind were or were to be rendered by the petitioner in connection with this property after that time. The Commissioner also argues that no particular service was continuous over a period of as much as 36 months. There was continuity in all of the services rendered in that they were for the purpose of protecting and developing the wife’s equity in the property by various means, including refinancing, selling, and developing profitable uses of the property. That task was finally completed and the $7,500 was paid for those services which began in 1928 and were completed in 1943. The Commissioner has advanced no valid argument and has cited no authority for his holding that section 107 (a) does not apply to the $7,500. The evidence shows that section 107 (a) applies. The situation in regard to the amount received from Clearwater Bay Company is entirely different. Here no basis for applying section 107 (a) has been shown. The agreement and the evidence show that the petitioner was to receive stock of the corporation for his services. The remaining two-thirds of the stock was to go to his two associates, who contributed the necessary cash for the operation of the corporation. There is no evidence that the petitioner was to receive cash for his services. He actually received stock of the corporation for his services. He received the stock on August 16, 1937. Of course, ultimately he received cash for his stock, but that was almost ten years later. The petitioner, as a stockholder, shared in the profits realized by the corporation. Those profits were from transactions in land, and various costs, charges, and expenses were deducted in computing them. The liquidating distributions which the petitioner received are not distinguishable from such distributions generally. They can not be regarded, for the purpose of section 107 (a), as compensation for legal services merely because legal services were the consideration for the issuance of the stock to the petitioner. The petitioner argues that the distributions were in substance compensation for legal services, although they were in form liquidating dividends on stock. It appears to the Court that they were in substance, as well as in form, liquidating dividends on stock. Section 107 (a) was not intended to apply to this kind of a situation. Cf. Doyle J. Dixon, 16 T. C. 1016. Decision will be entered, wider Rule 50.